HILBORN *v.* SMITH.

FISH — FISHING RIGHTS — OWNER OF SHORE — RIGHT TO SET GILL NETS.

A gill net is within the prohibition of section 5857, 2 Comp. Laws, making it unlawful for any person to set "any species of seines or continuous trap nets" in waters fronting on land where fish are taken by the owner or occupant of the lands.

Error to Cheboygan; Shepherd, J. Submitted April 15, 1907. (Docket No. 114.) Decided May 18, 1907.

Trespass vi et armis by John R. Hilborn against Egbert A. Smith. There was judgment for plaintiff on a

verdict directed by the court, and defendant brings error. Reversed, and no new trial ordered.

*Frost & Sprague*, for appellant.

*Benjamin & Quay* ( *Oscar M. Springer*, of counsel), for appellee.

HOOKER, J. The defendant is vice president of a corporation named Thompson Smith's Sons. It owns the land abutting upon Duncan Bay, on Lake Huron, and claims exclusive fishing rights in the waters of the bay, under the provisions of section 5857, 2 Comp. Laws. The section provides:

" (5857) SEC. 10. It shall be unlawful for any person or persons to put into any of the waters fronting or bordering land where fish are taken by the legal owner or occupant of such lands, any vessel or ship ballast, stone, sand, coal cinder, ashes, log slabs, decayed wood, bark, sawdust, or obstruction, or filth of any other description, or to place or drive any pound net piles or stakes, or any other piles or stakes, or posts, or build any platforms, or piers, or any species of seines or continuous trap nets, to the extent of the breadth of such legal owner or occupant's lands so far as the channel banks of the rivers, and to one mile from the beach or shore, at low water mark of the lakes, straits, inlets and bays on said waters fronting such owner or occupant's lands, and it shall subject any boat owner, or captain of any vessel, to a fine of not exceeding fifty dollars, who shall willfully run into or molest any pound net, trap, or other stationary nets, or fixtures set in the lakes for fishing purposes."

Thompson Smith's Sons had in previous years leased fishing privileges in this bay to the plaintiff, but at the time of plaintiff's complaint they were leased to one Olmstead, who had complained to Thompson Smith's Sons that others were fishing there and requested that it be stopped. Express notice was given to the plaintiff, and the master of his tug, to refrain and desist from placing nets in Duncan Bay, but the latter persisted, and set out a gill net, several miles in length, a portion of which was

in Duncan Bay, and less than a mile from shore. Thereupon the defendant, acting for Thompson Smith's Sons, caused that portion of the net in Duncan Bay to be removed. The plaintiff thereupon brought this action against the defendant personally to recover in trespass for his injuries, consisting of damage to the net, and loss of profits, and was permitted to recover a verdict and judgment. The defendant has appealed.

No claim is made that the statute is invalid, but plaintiff asserts that it has no application to gill nets. The questions raised by the record relate to the construction to be placed on section 5857 and the measure of damages. The nets mentioned in the act are "any species of seines or continuous trap nets," and it forbids the building of these. It also forbids the placing or driving "any pound net piles, or stakes, or any other piles or stakes or posts." A seine as used in the rivers and lakes is a long net, of sufficient width to extend from the surface of the water, usually to the bottom. It is strung on two lines of rope, one, the cork line, being provided with cork or wooden floats at short intervals, to make it float, the other, or lead line, provided with leaden weights to sink it and hold it down, generally upon the bed of the stream or water, thereby spreading the net from surface to bed. It is generally used by drawing it, and surrounding and inclosing the fish. A gill net is much like a seine, except in its method of use. Its meshes are made of a proper size to permit the head of the fish to pass through beyond the gills, which prevents the fish from withdrawing it, and it is thereby trapped and captured. While fishermen might be expected to distinguish between seines and gill nets, and pound or pond nets, calling each by its distinguishing name, if all might not be called by the generic name of seines, certainly the gill net is a species of trap net. It is urged that to bring a net within the prohibition of the statute it must be fastened to the ground by stakes driven into the bed. The evidence shows that each end of the net was anchored to the ground by a stone

and rope, and that it was thereby effectively prevented from drifting away. We have no doubt that the act was designed to protect abutting landowners against the use of nets by other fishermen, and not only is a gill net covered by the description "any species of seines or continuous trap nets," but to sustain plaintiff's contention would practically deprive abutting owners of any benefit from the statute. The evidence shows a plain invasion of the rights of Thompson Smith's Sons by the plaintiff, and it had the right to remove the nets, and this defendant, acting for the company and as its vice president, and at the request of Olmstead, its lessee, is not chargeable with trespass in so doing.

From our examination of the record we reach the conclusion that there is no necessity for discussing any other questions.

The judgment is reversed, and no new trial ordered.

McALVAY, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.