DEPARTMENT OF CONSERVATION *v.* THOMAS.

1. COURTS—STATUTES—AMENDMENT—APPLICATION TO SEIZURE OF PROPERTY.

Where property is seized prior to the amendment of an act, the controversy must be determined by applying the statute as it stood before such amendment (2 Comp. Laws 1929, § 6311, as amended by Act No. 339, Pub. Acts 1939 and Act·No. 323, Pub. Acts 1945).

2. FISH—GILL NETS.

A gill net is made of a proper size to permit the head of a fish to pass through beyond the gills and prevents the fish from withdrawing therefrom, thereby trapping it.

3. SAME—GILL NET—REGULATION OF MESH.

Regulation of the size of fish to be caught may be attained by regulating the size of the mesh which may be used in a gill net.

4. SAME—POSSESSION OF GILL NET—STATUTE PRESCRIBING MINIMUM SIZE OF MESH.

Under statute which then prescribed minimum size of mesh of gill net, it was not unlawful to have in possession a net with a mesh larger than such minimum (2 Comp. Laws 1929, § 6311; as amended by Act No. 339, Pub. Acts 1939).

5. SEARCHES AND SEIZURES—GILL NETS—STATUTES.

Where statute at time gill nets were seized predicated illegality of nets only on use to which they were put and no illegal use is shown, confiscation may not be made (2 Comp. Laws 1929, § 6311, as amended by Act No. 339, Pub. Acts 1939).

6. FISH—AMENDMENT OF STATUTE—DISPOSAL OF ILLEGALLY SEIZED GILL NETS.

Where gill nets were not subject to confiscation at time seizure by agents of the department of conservation was made and amendment of statute making possession thereof illegal has since been enacted, defendant is allowed a reasonable time

within which to dispose of the nets after their return to him (2 Comp. Laws 1929, § 6311, as amended by Act No. 339, Pub. Acts 1939 and Act No. 323, Pub. Acts 1945).

Appeal from Tuscola; DesJardins (George W.), J. Submitted October 9, 1946. (Docket No. 22, Calendar No. 43,185.) Decided December 2, 1946.

· Petition by Henry Predmore, a Conservation officer of the Department of Conservation, for condemnation of certain nets belonging to Clare E. Thomas. Petition denied. Plaintiff appeals. Affirmed.

*Foss O. Eldred,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Harry W. Jackson, R. Glen Dunn,* and *D'Arcy O'Brien,* Assistants Attorney General, for plaintiff.

*Maurice C. Ransford,* for defendant.

NORTH, J. On March 22, 1944, three agents of the Michigan department of conservation visited the premises of defendant Clare Thomas, a licensed commercial fisherman in Tuscola county. With the permission of defendant, the agents inspected the fishing equipment and in one net shed, found 199 gill nets with mesh of more than 2¾ inches and less than 4½ inches, averaging about 3½ inches. A portion of these nets had been used and the balance were new and unused. The officers (agents) seized these nets as being illegally possessed. A petition was filed in the circuit court of Tuscola county for their confiscation. Hearing was had on May 9, 1944, with the result that the trial court determined the seized nets were not subject to confiscation as being illegally possessed and ordered them returned to the

defendant. It is from this determination that the plaintiff has appealed.

The action is predicated upon Act No. 84, Pub. Acts 1929 (2 Comp. Laws 1929, § 6307 *et seq.*), as amended by Act No. 339, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6307 *et seq.*, Stat. Ann. and Stat. Ann. 1944 Cum. Supp. § 13.1491 *et seq.*). It may be noted that Act No. 323, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 6311, Stat. Ann. 1946 Cum. Supp. § 13.1496), amended Act No. 84, as amended in 1939, by adding, among other changes, the words "It shall be unlawful to use *or possess* any gill net having meshes over 2¾ inches but less than 4½ inches." However, Act No. 339, Pub. Acts 1939, without this 1945 amendment must be applied in determining the present controversy, since Thomas' nets were seized prior to the 1945 amendment.

In the course of wise protection of the natural resources of the State, the legislature has enacted various laws, including laws governing the size of gill nets which may be used by licensed commercial fishermen for the taking of the various fish in the Great Lakes. A gill net has been described as follows:

"A gill net is much like a seine, except in its method of use. Its meshes are made of a proper size to permit the head of the fish to pass through beyond the gills, which prevents the fish from withdrawing it, and it is thereby trapped and captured." *Hilborn* v. *Smith,* 148 Mich. 474.

It is obvious therefore that the regulation of the size of the fish to be caught may be attained by regulating the size of mesh which may be used.

Section 5 of Act No. 339, Pub. Acts 1939, is of considerable length and in detail regulates the size of mesh of gill nets depending on the kind of fish

to be caught. In some subsections, both a maximum and minimum size of mesh is established, for example, "(b) Gill nets with meshes of not less than 2⅝ inches or more than 2¾ inches shall be used for the purpose of taking herring" et cetera. See, also, subsection (e). Such maximum and minimum limitations of size would indicate that the catching of fish either too large or too small to become trapped in such mesh is not desirable under the theories of good fish conservation.

But the statute contains such provisions as the following:

"(b)    *    *    *  Provided further, That in Lake Huron gill nets having meshes not less than 2½ inches may be used for taking chubs and herring. *    *    *

"(c) Gill nets with meshes of not less than 2½ inches may be used for the purpose of taking blue back herring wherever they will not interfere with or take whitefish or lake trout."

Subdivision (d) also contains a provision for the use of gill nets with meshes not less than 2¼ inches without any requirement as to maximum size. It is important to note that in some of the provisions of the statute, such as those last above noted, no maximum size of mesh is specified. Instead, those provisions of the statute merely fix the minimum. It seems too clear for argument that the words used in the statute "not less than 2½ inches" is merely a negative way of saying at least 2½ inches or 2½ inches or more. It is apparent that in specifying only such minimum sizes of mesh, the legislature merely determined that the catching of fish too small to be trapped in such a net is not desirable or lawful. However, there is nothing in the subsections last above noted to prevent a commercial fisherman from using in the manner provided in the statute a net

of larger mesh than the specified minimum. Hence under the strict reading of this penal statute, since the fisherman's use of nets with a mesh of not less than 2½ inches without limitation as to the maximum size of the mesh was permitted, obviously Thomas' possession of such nets was permissible and not unlawful at the date of their seizure.

The language of section 5 (i) of the act as amended by Act No. 339, Pub. Acts 1939, "All illegal mesh twine, in use or possession, shall be confiscated by the director of conservation" has not been overlooked in arriving at the above conclusion. While the 1945 amendment above referred to now makes it illegal to *possess* nets of the mesh size taken from defendant Thomas, yet under the act prior to that amendment and at the time of seizure the illegality of such nets was predicated only on the *use* to which they were put. In this case no illegal use having been shown, plaintiff's action must fail. The determination of the trial court is affirmed, with costs to the defendant, and defendant allowed a reasonable time to dispose of these nets after their return to him as ordered by the trial court.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. DETHMERS, J., did not sit.